IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr299-MEF |
| | ) | |
| SIMONETTA GARTH | ) | |

### PLEA AGREEMENT

DEFENSE COUNSEL:               DANIEL HAMM

ASSISTANT U.S. ATTORNEY:       VERNE H. SPEIRS

## COUNT AND STATUTE CHARGED:

Count 1          <u>18 U.S.C. § 922(g)(1)</u>
                 Felon in possession of a firearm.

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1          18 U.S.C. § 922(g)(1)

## PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1          <u>18 U.S.C. § 922(g)(1)</u>
                 NMT 10Y or
                 NMT $250,000 or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

## ELEMENTS OF THE OFFENSE:

<u>18 U.S.C. § 922(g)(1)</u>

First:     The defendant knowingly possessed a firearm or
           ammunition in or affecting interstate commerce, as
           charged; and

Second:    Before the defendant possessed the firearm or
           ammunition, the defendant had been convicted in a
           court of a crime punishable by imprisonment for a
           term in excess of one year, that is, a felony
           offense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Daniel Hamm, attorney for the Defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the Defendant will be allowed to withdraw the Defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and Defendant thereafter breaches this agreement, her guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the Defendant to the offense charged in Count 1 of the Indictment, the attorney for the United States will do the following:

a. The United States will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the Defendant's acceptance of responsibility is appropriate, so long as the Defendant does not obstruct justice or otherwise fail to accept responsibility for the offense

2

conduct.  Should the United States find the Defendant assisted
authorities in the investigation or prosecution of the
Defendant's own misconduct by timely notifying authorities of the
Defendant's intention to enter a plea of guilty, thereby
permitting the United States to avoid preparing for trial and
permitting the United States and this Court to allocate their
resources efficiently, and if Defendant otherwise qualifies, the
United States will move at sentencing for a further reduction of
one level, pursuant to U.S.S.G. § 3E1.1(b).  Determination of
whether the Defendant met the Defendant's obligations to qualify
for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole
discretion of the United States.

          b.   The United States agrees, pursuant to Rule
11(c)(1)(A), Federal Rules of Criminal Procedure not to seek
additional federal charges surrounding the events of December 1,
2006, at 1103 Lynwood Drive, Montgomery, Alabama.  Specifically,
the United States agrees not to seek additional charges for
conspiracy to possess or conspiracy to distribute controlled
substances; possession or distribution of controlled substances;
or possession of firearms during and in relation to a drug
trafficking offense.  This agreement is strictly contingent upon
defendant's full, truthful and complete cooperation as detailed
in this plea agreement.  If, in the opinion of the United States,
defendant should breach this plea agreement, the United States

3

shall be released from this agreement and shall be free to
prosecute defendant for any and all crimes it deems appropriate.

c.   The parties agree that outside the Middle District
of Alabama, the above paragraph (paragraph "b") shall have no
force and effect upon any other investigating or prosecuting
agency or jurisdiction of the United States.  The above
provisions shall have no force and effect upon the State of
Alabama or any of its investigating or prosecuting entities.

d.   The United States agrees, pursuant to U.S.S.G.
5K1.1 and/or Rule 35, Federal Rules of Criminal Procedure, that a
downward departure or later adjustment in Defendant's applicable
sentence as calculated by the United States Probation Office,
Middle District of Alabama **may be** appropriate.  Nevertheless, the
extent of any downward departure or adjustment is at the **sole
discretion** of the United States and will entirely depend upon the
extent of Defendant's cooperation and assistance with the
investigation and prosecution of any and all crimes of which the
Defendant has knowledge.  The ultimate amount of any downward
departure or adjustment shall remain in the sole discretion of
the United States.

e.   The parties agree to the full application of the
United States Sentencing Guidelines and do not seek to limit the
application of any provision thereof.

2.    The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the Defendant's background.

## DEFENDANT'S PROVISIONS

3. The Defendant agrees to the following:

       a.    To plead guilty to Count 1 of the Indictment.

       b.    To forfeit all firearms in her possession.

       c.    Not commit any State, local or federal offenses.

       d.    Comply fully with the Cooperation Agreement detailed below.

## COOPERATION AGREEMENT

4.    The Defendant agrees to make a good faith effort to assist the United States in the investigation and prosecution of other persons (specifically including Courtney Colvin) involved in the illegal possession, manufacture or distribution of controlled substances or firearms; or any other illegal activity of which the Defendant has personal knowledge.

       a.    The Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom she may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so.  The Defendant understands that this agreement does not require her to implicate any other particular individual or individuals nor to "make a case," rather it requires her to be truthful and to testify truthfully whenever

called upon.  The Defendant agrees to make herself available for
the review of documents and other materials and for interviews by
law enforcement officers and attorneys for the United States upon
reasonable request and to fully and truthfully respond to all
questions asked of her by law enforcement officers and attorneys
for the United States.  She agrees to fully and truthfully
disclose to the United States everything she knows about any and
all documents and materials in her possession that relate to
violations of federal firearms statutes and any other criminal
violations, federal or State, in the Middle District of Alabama
and elsewhere.  The Defendant agrees to submit to a polygraph
examination conducted by the United States if requested to do so.

        b.    Provided that the Defendant satisfies the terms of
this plea agreement, any information that she truthfully
discloses to the United States during the course of her
cooperation, concerning related offenses, will not be used
against her, directly or indirectly.  The Defendant understands
that this agreement does not bar her prosecution for capital
felonies, perjury, false statements, and obstruction of justice.

        c.    If the Defendant has failed or should fail in any
way to fulfill completely her obligations under this agreement,
then the United States will be released from its commitment to
honor all of its obligations to her.  Thus, if at any time she
should knowingly and willfully withhold evidence from the United

States investigators or attorneys prior to or during her

testimony before grand juries or in trials, or commits any state

or federal offense, then the United States will be free to: (1)

prosecute her for perjury, false declaration, false statement,

and/or obstruction of justice (18 U.S.C. Section 1621, 1623,

1001, 1503); (2) to prosecute her for all violations of federal

criminal law which she has committed; (3)  to use against her in

all of those prosecutions and sentencings the Indictment and

documents that she has herself disclosed or furnished to the

United States during the course of her cooperation;  (4)  to

recommend a maximum sentence; and (5) to seek forfeiture of any

and all forfeitable properties of the Defendant.  The parties

agree to submit to the court, to be decided by a preponderance of

the evidence standard, the question of whether Defendant has

breached this agreement.  Defendant further understands that upon

any breach of this plea agreement, by the Defendant, she will not

be entitled to withdraw her guilty plea in this case.

## **FACTUAL BASIS**

On or about December 1, 2006, in Montgomery County, within

the Middle District of Alabama, SIMONETTA GARTH, defendant

herein, having been convicted of a felony, a crime punishable by

imprisonment for a term exceeding one year under the laws of the

State of Alabama, to-wit:

*May 5, 2003    Theft of property, second degree*

1)   ~~December 4,~~ 2002, ~~Shoplift~~ing, in the Circuit    *cdd*
     Court of Lee County, Alabama, # *2003-464*

did knowingly possess in and affecting commerce a firearm,
to-wit: a Sig Saur 9mm pistol and a Master Arms .45 caliber
pistol.  All in violation of Title18, United States Code, Section
922(g)(1).

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal
by a Defendant of the sentence under certain circumstances, the
Defendant expressly waives any and all rights conferred by
18 U.S.C. § 3742 to appeal the sentence.  Defendant further
expressly waives the right to appeal the sentence on any other
ground and waives the right to attack the sentence in any
post-conviction proceeding.

The United States does not waive its right to appeal
any order dismissing the Indictment, vacating a sentence, or
otherwise terminating the prosecution at any stage of the
proceedings.  Further, the parties agree that nothing in this
agreement shall affect the United States's right and/or duty to
appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4.  The Defendant, before entering a plea of guilty to
Count 1 of the Indictment as provided for herein by said Plea
Agreement, advises the Court that:

8

a.   The discussions between the attorney for the
United States and the attorney for the Defendant towards reaching
an agreed plea in this case have taken place with the Defendant's
authorization and consent.

b. Defendant acknowledges that a breach of this
federal plea agreement will not entitle her to withdraw her
guilty plea in this case.  Defendant understands and acknowledges
that Defendant's guilty plea will remain in full force and effect
upon any breach of this agreement by the Defendant.

c.   The Defendant further understands that,
pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to
be paid by the Defendant on the date of sentencing.  The
Defendant will make an honest, good faith effort to pay said fee
as directed by the Financial Litigation Section of the United
States Attorney's Office.  The Defendant further understands that
by completing the financial statement, the Defendant is
representing that it is true and accurate to the best of the
Defendant's information, knowledge, and belief.

d.   The Defendant understands that the Defendant
has a right to be represented by an attorney at every stage of
the proceedings against the Defendant herein and is represented
by the Defendant's undersigned attorney.

e.   The Defendant understands that the Defendant
has the right to plead not guilty and has the right to be tried

9

by a jury and, at a trial thereof, has the right to the
assistance of counsel, the right to confront and cross-examine
witnesses against the Defendant, the right to call witnesses in
the Defendant's own behalf, and the right not to be compelled to
incriminate the Defendant, and that if the Defendant enters a
plea of guilty herein, there will not be a further trial of any
kind and that by the entry of such a plea, the Defendant waives
the right to a trial by jury or to a trial before the Court.

        f.   The Defendant further understands that in
entering a plea of guilty herein, the Court may ask questions
about the offense to which the plea is entered and further
understands that if the Defendant answers these questions under
oath, on the record, and in the presence of counsel, which
questions and answers would be recorded, that the answers may
later be used against the Defendant in a prosecution for perjury
or false statement if the answers are not truthful.

        g.   The Defendant further understands and advises
the Court that the Plea Agreement as set forth herein and the
plea to be entered by the Defendant as a result thereof is
voluntary on the Defendant's part and is not the result of any
force or threats or of any promises apart from the aforesaid Plea
Agreement.  The Defendant further advises the Court that the Plea
Agreement set forth herein is the result of prior discussions
between the attorney for the United States and the attorney for

10

the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

h.    The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

i.    The Defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the Court.

j.    The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant.  However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

k.    The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

11

        5.   The undersigned attorneys for the United States and
for the Defendant represent to the court that the foregoing Plea
Agreement is the agreement of the parties that has been reached
pursuant to the Plea Agreement procedure provided for in Rule 11,
Federal Rules of Criminal Procedure, as Amended.  The attorney
for the Defendant further advises the Court that the Defendant
has been advised of the nature of the charge to which the
foregoing described plea is to be offered, and that the Defendant
has been advised of the Defendant's right to plead not guilty and
to be tried by a jury on all issues herein; of the maximum
possible penalty provided by law; that by the entering of a plea
of guilty as aforesaid, the Defendant waives the right to be
tried by a jury or by the Court, waives the right to confront and
cross-examine witnesses against the Defendant and the right not
to be compelled to incriminate the Defendant; and that if the
Defendant pleads guilty, there will not be a further trial of any
kind.  Further, the Defendant has been advised that if the
Defendant pleads guilty, the Court may ask questions about the
offense to which the Defendant has pleaded and that if the plea
is rejected or later withdrawn, that the answers to such
questions may not be used against the Defendant in a civil or
criminal proceeding, but that the Defendant's answers may later
be used against the Defendant in a prosecution for perjury or
false statement if the answers are not truthful.

                              12

6.   The Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court.   The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history.   The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U.S. Attorney.   In the event that the Court determines the Defendant's offense level or criminal history category is higher than the Defendant anticipated, the Defendant will not have the right to withdraw the plea on that basis.

This _26th_ day of June, 2007.


                              Respectfully submitted,

                              LEURA G. CANARY
                              UNITED STATES ATTORNEY



                              _____
                              Louis V. Franklin, Sr.
                              Criminal Chief

                              _____
                              Verne H. Speirs
                              Assistant United States Attorney
                              One Court Square
                              Suite 201
                              Montgomery, Alabama 36104



                              13

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL,_____.

Simonetta Garth/DEFENDANT

6.26.07
Date

Daniel Hamm
Attorney for the Defendant

6.26.07
Date

14